IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE CHRISTOPHER HANDY, §
 §
 Petitioner. §
 §
 § CIVIL ACTION NO. H-17-3213
 §
 §

## ORDER OF DISMISSAL

State prisoner Christopher Handy (TDCJ #774008) is currently confined in the custody of the Texas Department of Criminal Justice ("TDCJ"). *See* Docket Entry No. 1. He claims that he is illegally confined pursuant to his conviction in Harris County criminal case number 727971, which was entered in 1997, and seeks a writ of mandamus from this Court to order state officials to act with respect to that conviction.

"Federal courts have no authority 'to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.'" Conner v. Texas Court of Criminal Appeals, 481 F. App'x 952, 2012 WL 3032319, at *1 (5th Cir. Jul. 26, 2012) (unpublished op.) (quoting Moye v. Clerk, Dekalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)). Handy seeks a writ of mandamus directing the actions of state officials in the performance of their duties, a matter over which this Court lacks jurisdiction. Id. Accordingly, Handy's petition for a writ of mandamus must be

dismissed without prejudice for lack of jurisdiction.

The Court declines to construe this case as a federal habeas petition because (1) Handy specifically styles it as a mandamus action and (2) Handy has previously filed numerous petitions for habeas relief regarding his 1997 convictions and their effects on his present confinement and eligibility for mandatory supervision, which have been dismissed without prejudice as either successive (for the 1997 convictions) or unexhausted (for the 2016 conviction).[1]

Accordingly, it is hereby

**ORDERED** that Petitioner's petition for mandamus is **DISMISSED** without prejudice for lack of jurisdiction. It is further

**ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (Docket Entry No. 2) is **DENIED as MOOT**.

**Petitioner is WARNED that further frivolous filings may subject him to sanctions, including, but not limited to, monetary sanctions and/or a preclusion order barring him from filing civil**

---

[1] Although Handy claims that he is "falsely imprisoned," public records show that he was convicted of making a terroristic threat on September 29, 2016 and was sentenced to four years' imprisonment for that crime. *See* TDCJ Offender Search website, *available at* https://offender.tdcj.gov/OffenderSearch/offenderDetail.action?sid=04760104 (last visited on November 28, 2017). Handy is currently being held pursuant to that conviction. Id. Petitioner's challenges to the application of Texas Government Code section 508.149(a) to his 2016 conviction in Harris County cause number 1481109-A, based on a previous deadly weapon finding in cause number 727971, have been dismissed as unexhausted. *See* Handy v. Davis, Civ. A. No. H-17-1712 at Docket Entry No. 10 (S.D. Tex. July 18, 2017); Handy v. Davis, Civ. A. No. H-17-1115 at Docket Entry No. 51 (S.D. Tex. November 28, 2017).

2

**actions and other petitions in this Court.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 30TH day of November, 2017.

	EWING WERLEIN, JR.
	UNITED STATES DISTRICT JUDGE